BETANCOURT, PETITIONER AND APPELLEE, *v.* BOARD OF AWARDS
OF RÍO GRANDE, RESPONDENT AND APPELLANT.

APPEAL from the District Court of San Juan in Mandamus
Proceedings.—Memorandum of Costs.

No. 2542.—Decided March 20, 1922.

MANDAMUS—COSTS—TEMERITY.—A municipal board of awards appealed from
a judgment for costs in this case, in which after both parties had rested the
said board agreed to comply with a conditional writ of mandamus issued
at the instance of a bidder who alleged in his petition for the writ that he
had customarily taken part in the auctions until the defendant denied his
right to make bids. *Held:* That the temerity of the respondent justified
the judgment for costs and that consequently it was not necessary to allege
that demand had been previously made upon the board to admit the bids
of the petitioner.

The facts are stated in the opinion.

*Mr. J. Soto Rivera* for the appellant.

*Mr. L. S. Vahamonde* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Luis Betancourt presented a petition to the District Court
of San Juan, Section One, alleging that without any reason
the Board of Awards of the Municipality of Río Grande,
composed of Ramón M. Figueroa, Luis Pimentel and Euge-
nio Andrade, refused to consider his bids in the auctions for
the privilege of supplying fresh meats and prayed for a writ
of mandamus to compel the board to admit his bids. An al-
ternative writ was issued setting a day for the respondents
to appear and show such cause as they had for not comply-
ing with the order and on that day, after both parties had
examined their evidence, the respondents made a motion con-
fessing judgment and asking to be relieved from the payment
of the costs. Thereafter the court entered judgment grant-
ing the peremptory writ of mandamus and imposing the costs
upon the respondents. The respondents took this appeal from
the judgment imposing the costs upon them.

In view of the confession of judgment by the respondents

the only question that the trial court considered in its opinion was that of the costs, and it imposed them upon the respondents on the ground that from the pleadings and the evidence examined it appeared that their temerity was what forced the plaintiff to resort to this proceeding for the purpose of protecting his rights and as the proceeding is a special one, it is imperative that costs should be allowed to the successful party.

It is true, as maintained by the appellants in discussing the first ground of appeal, that the courts are not bound to allow costs in special proceedings since the enactment of Act No. 38 of April 12, 1917, as was held by this court in the case of *Candal et al.* v. *Vargas et al.,* 29 P. R. R. 603, and the case therein cited, but the lower court considered also the temerity of the respondents in imposing upon them the payment of the costs.

We understand that the court did not err in finding that there was temerity on the part of the respondents, as maintained by the appellants, for the reason that it was not alleged in the complaint that demand had been made upon the respondents to admit the bids of the petitioner. Such a demand was not necessary in this case in which the petitioner alleged that he had customarily taken part in the auctions until the respondents refused to allow him to do so notwithstanding the bids presented by the petitioner. On the other hand, the conduct of the respondents in not complying with the court's order and in waiting until after both parties had rested before confessing judgment, shows temerity, for if under the advice of their attorneys they had complied with the writ of mandamus, or if there were no auctions at the time they had declared their willingness to comply with it, they would have avoided causing annoyance to the court and to the petitioner who would not have been put to the trouble of appearing at the trial and presenting his evidence.

The judgment, in the matter of costs which is the object of the appeal, must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.